# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## TIMOTHY CLINGER v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Davidson County**
**No. 4491       J. Randall Wyatt, Jr., Judge**

_____

**No. M2012-02296-CCA-R3-HC - Filed May 17, 2013**

_____

Petitioner, Timothy Clinger, appeals from the trial court's summary dismissal of his petition for habeas corpus relief. The State has filed a motion for this court to affirm pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Having reviewed the record, we affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right;**
**Judgment of the Davidson County Circuit Court Affirmed**
**Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JERRY L. SMITH and ROBERT W. WEDEMEYER, JJ., joined.

Timothy Clinger, Nashville, Tennessee, *Pro Se*.

Robert E. Cooper, Jr., Attorney General and Reporter; Benjamin A. Ball, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Amy Hunter, Assistant District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

On November 6, 2000, Petitioner entered a guilty plea to one count of rape of a child in exchange for a sentence of 25 years to be served at 100 percent release eligibility. Petitioner's habeas corpus petition alleged that his guilty plea was not knowingly, voluntarily, and intelligently entered because neither his trial counsel nor the trial court informed him that the sentence imposed would require that Petitioner remain on lifetime community supervision and that he would be required to register with the sexual offender registry. The trial court summarily dismissed the petition, finding that Petitioner's claim would render his conviction merely voidable, and not void.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. Tennessee Code Annotated section 29-21-101 et seq. codifies the applicable procedures for seeking the writ. The grounds upon which a writ of habeas corpus may be issued are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A writ of habeas corpus is available only when it appears on the face of the judgment or the record of the proceedings upon which the judgment was rendered that a court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992). The purpose of a habeas corpus petition is to contest void and not merely voidable judgments. *Archer*, 851 S.W.2d at 163. The burden is on the petitioner to establish, by a preponderance of the evidence, "that the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). Moreover, it is permissible for a trial court to summarily dismiss a petition for habeas corpus relief, without the appointment of counsel and without an evidentiary hearing, if the petitioner does not state a cognizable claim. *See Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004); *Passarella v. State*, 891 S.W.2d 619 (Tenn. Crim. App. 1994).

At the outset, we note that Petitioner has failed to state any cognizable claim for habeas corpus relief. First, Petitioner's claim that his guilty pleas were involuntary is not a claim for which habeas corpus relief is available. Claims of an involuntary guilty plea would render a conviction voidable, not void, and thus are appropriately challenged through post-conviction procedures, not by writ of habeas corpus. *See Archer*, 851 S.W.2d at 164.

Tennessee Code Annotated section 39-13-524 provides that, "[i]n addition to the punishment authorized by the specific statute prohibiting the conduct," a defendant convicted of rape of a child, among other specified offenses, "shall receive a sentence of community supervision for life[.]" Tenn. Code Ann. § 39-13-524(a)(1). Petitioner argues that the statutorily mandated community supervision sentence is punitive, and therefore, the trial court should have advised him of the provision at the time of his guilty plea hearing pursuant to Rule 11(b) of the Tennessee Rules of Criminal Procedure, which requires a trial court to advise a defendant of his potential punishment. Petitioner also cites case law that discusses the constitutional requirement that an accused be "fully aware of the direct consequences" of his or her guilty plea in analyzing whether a plea is knowingly and voluntarily entered. *See Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993).

The "[v]oluntariness of [a] plea, however, has no relevance in a habeas corpus proceeding." *Summers v. State*, 212 S.W.3d 251, 259 (Tenn. 2007). Petitioner's allegations, even if taken as true, would render the judgment of conviction merely voidable, and not void. Petitioner is not entitled to relief in this appeal. The petition was properly dismissed.

**CONCLUSION**

The judgment of the trial court was in a proceeding without a jury, it was not a determination of guilt, the evidence does not preponderate against the finding of the trial court, and no error of law requiring a reversal of the judgment is apparent on the record. Accordingly, the judgment of the trial court is affirmed by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals of Tennessee.

_____

THOMAS T. WOODALL, JUDGE